UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

BOY 7,

    Plaintiff,

v.

BOY SCOUTS OF AMERICA,

    Defendant.

NO. CV-10-449-RHW

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant's Motion to Dismiss (ECF No. 5). A hearing on the motion was held on April 21, 2011. Plaintiff was represented telephonically by Leander James and Timothy Kosnoff. Defendant was represented by William R. Squires.

Plaintiff filed his complaint on December 21, 2010. He is currently identified only by pseudonym. His complaint is based on allegations that when he was a young boy, he was molested by a Boy Scout leader who was also the camp doctor at Camp Cowles. The sexual abuse occurred in Washington State in approximately 1974. While at the camp, the leader sexually abused Plaintiff two separate times.

Plaintiff alleges that the Boy Scouts of America (BSA) had known for decades before he was abused that scouting involved an unreasonably high risk of sexual abuse by adult scout leaders and that the BSA's public pronouncement that scouts were reasonably safe from sexual abuse by adult scout leaders were false. Plaintiff maintains that had BSA notified or advised Plaintiff, his parents, or civil

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1**

authorities, including Congress, or had been candid with the scouting public regarding the pervasiveness of sexual abuse of boys by an alarmingly large percentage of BSA's adult scout leaders, Plaintiff would have either not have joined the BSA or his parents would not have allowed him to join the BSA. Additionally, Plaintiff maintains that had BSA informed Plaintiff of the nature and frequency of the risks of abuse by adult scout leaders, Plaintiff would have taken steps to protect himself from the grooming and sexual abuse to which his adult scout leader subjected him.

The underlying basis for Plaintiff's claims is the existence of BSA's I.V. Files. Plaintiff alleges that by 1910, BSA realized it had a problem with pedophiles infiltrating BSA and it implemented an internal record keeping system, known as the "Ineligible Volunteer" files. Plaintiff asserts that by 1935, BSA had accumulated approximately 2,000 files on pedophiles that had successfully infiltrated or attempted to infiltrate its program. In the early 1970s, three BSA executives reviewed and permanently destroyed thousands of I.V. files. According to Plaintiff's calculations, BSA opened a new I.V. file on a pedophile every other day for fifty years. Plaintiff asserts that the I.V. files demonstrate that BSA had overwhelming evidence that scouting attracts pedophiles at an alarming rate, and that scouting's distinctive characteristics make it attractive to pedophiles.

In his complaint, Plaintiff alleges six causes of action: (1) negligence and breach of fiduciary duty; (2) willful, wanton, and reckless indifference and misconduct that reflected a conscious disregard for children's health and safety; (3) intentional infliction of emotional distress; (4) violation of Wash. Rev. Code § 9.68A, Sexual Exploitation of Children; (5) estoppel and fraudulent concealment; and (6) civil conspiracy.

Defendant now moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because (1) BSA did not have a duty to prevent the scout leader from causing injury to Plaintiff; (2) Plaintiff's claim for "willful, wanton, and/or reckless

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 2**

conduct" is not an independent cause of action under Washington law; (3) Plaintiff has not plead the necessary elements for the claim of outrage; (4) No private cause of action exists under the Washington Sexual Exploitation of Children Act; (5) estoppel and fraudulent concealment are not independent causes of actions under Washington law; and (6) Plaintiff's claim for civil conspiracy is barred by the intracorporate conspiracy doctrine and the complaint fails to meet the requirements of Fed. R. Civ. P. 9.

## ANALYSIS

In order to survive a Rule 12(b)(6) motion to dismiss, Plaintiff only needs to allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Pinnacle Armor, Inc. v. United States*, __ F.3d __, 2011 WL 2040870, *9 (9th Cir. May 26, 2011) (citing *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). A claim is facially plausible if the plaintiff has plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must accept all facts alleged in the complaint as true, and makes all inferences in the light most favorable to Plaintiff, the non-moving party. *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1098 n.1 (9th Cir. 2009).

## PLAINTIFF'S CLAIMS

### A. Negligence and Breach of Fiduciary Duty

Plaintiff alleges that Defendant had a special relationship with Plaintiff while Plaintiff was a minor, and that BSA knew or reasonably should have foreseen the heightened risks of sexual abuse in its programs and had a duty to warn or protect foreseeable victims, including Plaintiff.

The essential elements of a negligence action are (1) the existence of a duty to plaintiff; (2) breach of that duty; (3) resulting injury; and (4) proximate cause between the breach and the injury. *Robb v. City of Seattle*, 159 Wash. App. 133, 139 (2010). The threshold determination in a negligence action is whether a duty of care is owed by the defendant to the plaintiff. *Id.* The existence of a duty is a

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 3**

question of law for the court. *Id.*

Under Washington law, a person has no legal duty to prevent a third party from intentionally harming another; however, there are recognized exceptions to this rule. *Robb*, 159 Wash. App. at 141; *Kaltreider v. Lake Chelan Comty. Hosp.*, 153 Wash. App. 762, 765 (2009). Courts have recognized two types of "special relationships" that are exceptions to this general rule: (1) where there is a special relationship with the victim; and (2) where there is a special relationship with the criminal. *Kaltreider*, 153 Wash. App. at 765. A duty to protect another person from the intentional or criminal acts of third parties arises where one party is "entrusted with the well being of another." *Id.* "Special relationships are typically custodial or at least supervisory, such as the relationship between doctor and patient, jailer and inmate, or teacher and student, " or between a common carrier and its passengers or between a hotel and its guests. *Caulfield v. Kitsap Cnty,* 108 Wash. App. 242, 255 (2001). Plaintiff asks the Court to extend the recognition of a special relationship between a national organization and one of its members.

Here, as with the plaintiffs in *Doe v. Church of Jesus Christ of Latter-Day Saints*[1] and *C.J.C. v. Corporation of Catholic Bishop of Yakima*,[2] there is a special relationship between the parent organization and its individual members. Nevertheless, like the plaintiff in the LDS Church case, Plaintiff has not alleged that the BSA had been warned that the Scout Leader has previously abused children or made inappropriate advances towards them. This is fatal to Plaintiff's negligence claims. *See LDS Church*, 141 Wash.App. at 443.[3]

---

[1] 141 Wash.App. 407 (2007).

[2] 138 Wash.2d 699 (1999).

[3] The Court recognizes that in *Niece*, the Washington Supreme Court held that a group home for the developmentally disabled owed a duty to protect residents from sexual assault by an employee even though the group home had no

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 4**

In order for the BSA to be liable for the scout's actions, the conduct must be reasonably foreseeable, and the foreseeability must be based on more than speculation or conjecture. *Kaltreider*, 153 Wash. App. at 765. Employers "generally does not have a duty to guard against the possibility that one of its employees may be an undisclosed sexual predator." *Id.*

Washington law does not impose a duty on BSA where there has been no allegation that BSA knew or had reason to know that Plaintiff's perpetrator had previously abused other scouts or children or made inappropriate advances towards them. Plaintiff has not alleged that he was in BSA's custody or that BSA had control over the premises when the alleged abuse occurred. As such, the Court dismisses Plaintiff's negligence claim.

**B.     Intentional Infliction of Emotional Distress**

Under Washington law, in order to survive dismissal of his claim for intentional infliction of emotional distress or outrage, Plaintiff must allege three basic elements: (1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual result to the Plaintiff of severe emotional distress. *Dicomes v. State*, 113 Wash.2d 612, 630 (1989). The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Grimsby v. Samson*, 85 Wash.2d 52, 59 (1975).

---

prior knowledge of the employee's dangerous propensities. In that case, the plaintiff was completely vulnerable, and the group home had control over the access to the premises that it was obligated to protect. *Niece v. Elmview Group Home*, 131 Wash.2d 39, 42 (1997). In *Kaltreider*, the Washington Court of Appeal found that because the victim was not a vulnerable adult and the perpetrator's actions were not legally foreseeable, the hospital did not have a duty to protect the plaintiff from the actions of a third party. 153 Wash. App. at 767. The Court concludes that *Kaltreider* is the more analogous case.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 5**

Although the elements of the tort of outrage or intentional infliction of emotional distress are generally factually questions, a trial court faced with a summary judgment motion is charged with the task of first determining whether reasonable minds could differ on whether the conduct was sufficiently extreme to result in liability. *Robel v. Roundup Corp.*, 148 Wash.2d 35, 51 (2002).

In his Complaint, Plaintiff asserts that BSA knew or should have known that Plaintiff's perpetrator was a dangerous child molester, and that BSA further knew or should have known that it was substantially certain that the pedophiles within the BSA organization would continue to sexually abuse children, including the abuse they inflicted upon Plaintiff, if BSA failed to warn parents and failed to report the pedophiles to civil authorities and that such abuse would cause severe and emotional distress to Plaintiff.

As discussed above, Plaintiff fails to allege facts to support his conclusions that the BSA knew or should have known that Plaintiff's perpetrator was a dangerous child molester. There is nothing in Plaintiff's factual allegations regarding any prior knowledge on the part of BSA regarding Plaintiff's perpetrator. The failure to warn Plaintiff of the existence and contents of the I.V. files does not rise to the level of extreme, outrageous behavior. As such, the Court dismisses Plaintiff's claims of intentional infliction of emotional distress.

**C.     Violation of Wash. Rev. Code § 9.68A: Sexual Exploitation of Children**

In his Complaint, Plaintiff asserts that the scout leader's actions of sexually assaulting and exploiting him violated Wash. Rev. Code §§ 9.68A.040, .070, and .090, and that the violations were done with BSA's knowledge and acquiescence. Wash. Rev. Code § 9.68A.130 provides that a minor prevailing in a civil action arising from violations of the Sexual Exploitation of Children Act is entitled to recover the costs of the suit, including an award of attorneys' fees.

As with the other courts that have looked at this question, the Court does not have to decide whether a violation of the Sexual Exploitation of Children Act

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 6**

establishes a right to recover in a civil lawsuit. *See Boy 1, et al. v. Boy Scouts of America*, 2011 WL 1930635 (W.D. Wash. 2011); *Roe v. City of Spokane, Wash.*, 2008 WL 4619836 (E.D. Wash. 2008); *J.C. v. Society of Jesus*, 457 F.Supp.2d 1201 (W.D. Wash. 2006). Here, Plaintiff must prevail on the underlying action in order to claim attorneys' fees. The Court will revisit the issue should Plaintiff prevail at some point in this litigation.

**D.    Civil Conspiracy**

In his Complaint, Plaintiff alleges that BSA conspired to cover up incidents of sexual abuse of minors by scout leaders and prevent disclosure, prosecution, and civil litigation, and correspondingly, and conspired for the unlawful purpose of concealing and suppressing information on the danger and threat that BSA's adult scout leaders posed to unsuspecting children, including Plaintiff.

In order to establish a claim for civil conspiracy, Plaintiff "must prove by clear, cogent and convincing evidence that (1) two or more people combined to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the object of the conspiracy." *Wilson v. State*, 84 Wash.App. 332, 350-51 (1996). Defendant argues that Plaintiff failed to properly allege the first element, namely that two or more people engaged in an activity, and failed to properly comply with the heightened pleading requirements of Fed. R. Civ. P. 9(a).

In order to adequately state a claim alleging a conspiracy that involves fraud, Fed. R. Civ. P. 9(b) requires that Plaintiff set forth the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP.*, 476 F.3d 756, 764 (9th Cir. 2007). Here, Plaintiff has failed to meet the heightened pleading standards of the Federal Rules. Notably, he failed to allege specific factual allegations regarding the time, place, and specific content of the false representations, as well as the identities of the parties. As such, Plaintiff's civil conspiracy claim is dismissed.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 7**

**E.    Equitable Estoppel; Fraudulent Concealment; and Willful and Wonton Misconduct**

Plaintiff indicates he has not plead and is not pursuing claims for the independent torts of equitable estoppel, fraudulent concealment, and/or willful and wonton misconduct; rather Plaintiff offers these theories to clarify BSA's level of intent in its acts and omissions and as equitable tolling doctrines.

**F.    Leave to Amend**

In his response, Plaintiff asks in the alternative that the Court permit him leave to amend his Complaint. Leave to amend should be freely granted "unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citations omitted).

Accordingly, **IT IS HEREBY ORDERED:**

1.   Defendant's Motion to Dismiss (ECF No. 5) is **GRANTED**.

2.   Plaintiff's claims asserted against Defendant BSA are **dismissed**, without prejudice.

3.   Plaintiff is granted leave to amend. Plaintiff is permitted to file an Amended Complaint on or before **June 24, 2011.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 13th day of June, 2011.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\aCIVIL\2010\Boy 7\dismiss.wpd

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 8**